UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED AIRLINES, INC. a Delaware corporation, ORBITZ WORLDWIDE, LLC, a limited liability company, ORBITZ, LLC, a limited liability company,<br><br>     Plaintiffs,<br><br>     v.<br><br>AKTARER ZAMAN, individually and d/b/a SKIPLAGGED.COM<br><br>     Defendant. | Civil Action No. 14-9214 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO QUASH SERVICE**

As of the time of this filing, the summons and complaint in this action have not been served on defendant Aktarer Zaman in accordance with Fed. R. Civ. P. 4. Rather, the summons and complaint were left with Mr. Zaman's mother at her residence. As Mr. Zaman does not reside at that location, and he has not otherwise been served, service should be quashed and the plaintiffs should be required to serve Mr. Zaman in accordance with Fed. R. Civ. P. 4.

**<u>Procedural History</u>**

On November 17, 2014, plaintiffs United Airlines, Inc., Orbitz Worldwide, LLC, and Orbitz, LLC (collectively, "Plaintiffs") filed this action against defendant Aktarer Zaman, individually and d/b/a skipplaged.com. On December 1, 2014, Plaintiffs filed a Returned Executed Summons, claiming that Mr. Zaman was served with process by leaving the summons and complaint with "a person of suitable age and discretion" at 83-

1

12 101st Avenue, Floor 3, Ozone Park, NY 11416-2011 on November 22, 2014, and
thereafter mailing a copy of the summons and complaint by first class mail to that
address.  (Docket No. 11).

## Argument

"The preferred approach [to serve an individual defendant in federal court] is for
the plaintiff to mail the defendant a copy of the complaint and summons and obtain a
waiver of personal service from the defendant under [Fed. R. Civ. P. 4(d)]."  United
States v. Liga, 549 F.3d 497, 500 (7th Cir. 2008) (district court lacked personal
jurisdiction over defendant who was never properly served under Fed. R. Civ. P. 4).
Absent such service, an individual must be served by:

(1) "following state law for serving a summons in an action brought in courts of
general jurisdiction in the state where the district is located or where service is
made;"

(2) "delivering a copy of the summons and of the complaint to the individual
personally;"

(3) "leaving a copy of each at the individual's dwelling or usual place of abode
with someone of suitable age and discretion who resides there;" or

(4) "delivering a copy of each to an agent authorized by appointment or by law to
receive service of process."

Fed. R. Civ. P. 4(e); see also Liga, 549 F.3d at 500.

Under Illinois law, where this action is pending, "service of summons upon an
individual defendant shall be made (a) by leaving a copy thereof with the defendant
personally or (b) by leaving a copy at this usual place of abode, with some person of the

family, of the age of 13 or upwards, and informing the person of the contents thereof." The Clinton Co. v. Eggleston, 397 N.E.2d 183, 186 (Ill. App. Ct. 1979) (service was improper).

Similarly, under New York law, where Mr. Zaman was purportedly served, a defendant must be served personally, to his designated agent, or by "delivering the summons within the state to a person of suitable age and discretion at the . . . dwelling place or usual place of abode of the person to be served," and mailing a copy of the summons to the person to be served at that location. N.Y. C.P.L.R. § 308. New York courts have held that "dwelling place" and "usual place of abode" mean where a person actually resides, and not a last known address. Chiarl v. D'Angelo, 132 A.D.2d 655, 655-56 (N.Y. App. Div. 1986) (service was improper).

Moreover, "the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint." United States v. Liga, 549 F.3d 497, 500 (7th Cir. 2008) (district court lacked personal jurisdiction over defendant who was never properly served under Fed. R. Civ. P. 4). Finally, a court may quash improper service. See Manjarrez v. Georgia-Pacific, No. 12 C 1257, 2012 WL 4017951, at *3-4 (N.D. Ill. Sept. 12, 2012) (quashing service).

Here, the returned executed summons claims to have served Mr. Zaman by leaving the summons and complaint with "'Jane Doe' (Refused To Give Her Name) (Mother)" at 83-12 101st Avenue, Floor 3, Ozone Park, NY 11416-2011 (the "Service Address Location") and claims that this is Mr. Zaman's "dwelling place/usual place of abode within [New York]." (Docket No. 11). While Mr. Zaman's mother moved into the

Service Address Location in December 2012, Mr. Zaman does not reside there. (Declaration of Aktarer Zaman in Support Of Motion To Quash ("Zaman Decl.") at ¶¶ 2, 5, 7 (attached hereto as Exhibit A)).  Rather, Mr. Zaman resides on W 28TH St, New York, NY 10001 and has a 14 month lease for that address.  (Zaman Decl. ¶ 2).[1]  Prior to moving to W 28th Street, Mr. Zaman resided at 1000 Minor Ave, Apt 1702, Seattle, WA 98104 for 12 months, and prior to that, Mr. Zaman resided at 2358 Burdett Avenue, Apt C103, Troy, NY 12180.  (Zaman Decl. ¶¶ 3 & 4).  Moreover, Mr. Zaman's mother speaks little English (Zaman Decl. ¶ 6), and even refused to identify herself while the summons and complaint was given to her.  (Docket No. 11).  Because Mr. Zaman does not reside at the Service Address Location, the service there was improper and should be quashed.  See Fed. R. Civ. P. 4(e); Liga, 549 F.3d at 500; Chiarl, 132 A.D.2d at 655-56; Eggleston, 397 N.E.2d at 186.

However, Mr. Zaman is willing to accept service pursuant to the preferred approach under Fed. R. Civ. P. 4(d) should the defendants choose to take advantage of this procedure.  (Zaman Decl. ¶ 8).

## Conclusion

Accordingly, because Mr. Zaman was not served with the summons and complaint in this action at his residence or usual place of abode, service should be quashed.

---

[1]    To protect Mr. Zaman's privacy, his street and apartment numbers have been omitted from this briefing.  If requested by the Court, Mr. Zaman will provide a copy of his current lease for *in camera* review.

Dated:  December 15, 2014        Respectfully submitted,

/s/ Fitzgerald T. Bramwell
Fitzgerald T. Bramwell
LAW OFFICES OF FITZGERALD BRAMWELL
155 North Wacker Drive, Suite 4250
Chicago, Illinois 60606
312-803-3682 (voice)
bramwell@fitzgeraldbramwell.com
Local counsel for Aktarer Zaman, individually
and d/b/a skiplagged.com

Irwin B. Schwartz (pro hac vice granted
   December 15, 2014)
Nicholas R. Cassie (pro hac vice granted
   December 15, 2014)
BLA Schwartz, PC
225 Franklin Street, 26th Floor
Boston, MA 02210
Phone: (617) 421-1800
Fax: (617) 421-1810
ischwartz@blaschwartz.com
ncassie@blaschwartz.com
Counsel for Aktarer Zaman, individually
and d/b/a skipplagged.com

## Certificate Of Service

The undersigned, an attorney, hereby certifies that he filed the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO QUASH SERVICE on December 15, 2014 and that service will be affected via the Court's CM/ECF system on the following counsel:

Frank T. Blechschmidt, Esq.
Matthew J. Caccamo, Esq.
John Sheldon Letchinger, Esq.
Baker & Hostetler LLP
191 North Wacker Dr., Suite 3100
Chicago, Illinois 60606
fblechschmidt@bakerlaw.com
mcaccamo@bakerlaw.com
jletchinger@bakerlaw.com
*Counsel for United Airlines, Inc., Orbitz Worldwide, LLC, and Orbitz, LLC*

/s/ Fitzgerald T. Bramwell
Fitzgerald T. Bramwell
**LAW OFFICES OF FITZGERALD BRAMWELL**
155 North Wacker Drive, Suite 4250
Chicago, Illinois 60606
312-803-3682 (voice)
bramwell@fitzgeraldbramwell.com
*Local counsel for Aktarer Zaman, individually and d/b/a skiplagged.com*

**<u>Exhibit A</u>**



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED AIRLINES, INC. a Delaware corporation, ORBITZ WORLDWIDE, LLC, a limited liability company, ORBITZ, LLC, a limited liability company, | X : : : : | Civil Action No. 14-9214 |
| Plaintiffs, | : : | |
| v. | : : | |
| AKTARER ZAMAN, individually and d/b/a SKIPLAGGED.COM | : : : | |
| Defendant. | : : X | |

### AFFIDAVIT OF AKTARER ZAMAN IN SUPPORT OF MOTION TO QUASH

I, Aktarer Zaman, declare under the pains and penalties of perjury as follows:

1.    I am the defendant in this action and at all times relevant to this action, I was the operator of skiplagged.com.  I submit this motion in support of the motion to quash being filed on my behalf.  The information contained in this declaration is true and correct based on my personal knowledge.  I am above the age of 18 years and competent to testify.

2.    I currently live on W 28TH St, New York, NY 10001.  I have lived here since the beginning of July 2014, with a 14-month lease that expires September 2015.

3.    Between June 2013 and July 2014, I resided at 1000 Minor Ave, Apt 1702, Seattle, WA 98104 under a 12-month lease.

4.    From August 2012 until June 2013, I resided at 2358 Burdett Avenue, Apt C103, Troy, NY 12180 while attending school nearby.

5.      My mother moved into 83-12 101ST Ave, FL 3, Queens, NY 11416 in December 2012.

6.      My mother is an immigrant from Bangladesh, where she lived most of her life without the English language. She has not taken any English classes, and her English-language proficiency is limited.  Usually her children, such as me, help her with conversations requiring English.

7.      I have never lived at 83-12 101st Ave, FL 3, Queens, NY 11416.

8.      I am willing to accept service under Federal Rule of Civil Procedure 4(d) and receive the extended time allowed under that rule to respond to the plaintiffs' complaint.


Pursuant to 17 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

SUBSCRIBED TO AND SWORN TO on this 14th day of December, 2014.


_____

Aktarer Zaman