UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED AIRLINES, INC., a Delaware corporation, ORBITZ WORLDWIDE, LLC, a limited liability company, ORBITZ, LLC, a limited liability company, | : : : : : | Civil Action No. 14-9214 |
| Plaintiffs, | : : | |
| v. | : : | |
| AKTARER ZAMAN, individually and d/b/a SKIPLAGGED.COM | : : : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE CLAIMS OF PLAINTIFF UNITED AIRLINES, INC.**

As alleged in the Plaintiff United Airlines, Inc.'s ("United") complaint, Defendant Aktarer Zaman, individually and d/b/a skiplagged.com ("Mr. Zaman") operates skiplagged.com, which for a period of time displayed publically available information relating to United's flights. Mr. Zaman has not engaged in any activity directed specifically toward Illinois, and Mr. Zaman's operation of skiplagged.com is insufficient for this Court to exercise personal jurisdiction over Mr. Zaman.

**FACTUAL BACKGROUND**

Mr. Zaman operates skiplagged.com, which aggregates publicly available information on flights about a variety of airlines to allow consumers to choose the most cost-effective way to travel from city to city. (Decl. Of Aktarer Zaman In Supp. Of Mot. To Dismiss, attached hereto as Exhibit A ("Zaman Decl.") ¶ 3). In its complaint, United alleges that skiplagged.com's display of hidden-city ticketing information relating to

1

United's flights using United's logo was unlawful. (See Compl. 30-32). Providing hidden-city ticketing information allows consumers to see that it is on occasion less expensive to buy a ticket on a flight where their destination is a layover stop on a flight, as opposed to buying a ticket directly to that city. (Zaman Decl. ¶ 3). For example, if a consumer wants to travel from City A to City B, it may be less expensive to purchase a ticket from City A to City C with a layover in City B than it is to buy a flight from City A to City B. (Zaman Decl. ¶ 3).

Apart from operating skiplagged.com, which is available to consumers in Illinois, Mr. Zaman has no contact with Illinois. Indeed, Mr. Zaman is a resident of New York, is not registered to do business in Illinois and does not have a bank account in Illinois. (Zaman Decl. ¶¶ 2 & 4). Moreover, Mr. Zaman has never traveled to Illinois in an attempt to further the goals of skiplagged.com and does not direct any advertising specifically to Illinois. (Zaman Decl. ¶ 4). In short, Mr. Zaman has no contacts with Illinois related to this litigation.

## ARGUMENT

Under Fed. R. Civ. P. 12(b)(2), a district court must dismiss an action if it lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(5). "The plaintiff bears the burden of establishing personal jurisdiction." Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796, 799 (7th Cir. 2014) (court lacked jurisdiction over defendant). "Because the Lanham Act does not have a special federal rule for personal jurisdiction . . . [the Court] must look to the law of the forum for the governing rule" on personal jurisdiction." Advanced Tactical, 751 F.3d at 800. As this Court has recognized, "[t]he Illinois long-arm statute permits a court to 'exercise

jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States.'  Because 'there is no operative difference' between the Illinois Constitution and the United States Constitution for purposes of personal jurisdiction, a district court needs to only analyze whether the exercise of personal jurisdiction would be contrary to federal due process." Timberstone Mgmt., LLC v. Idaho Golf Partners, Inc., No. 2014-CV-5502, 2014 WL 5821720, at *3 (N.D. Ill. Nov. 6, 2014) (Kocoras, J.) (dismissing case for lack of personal jurisdiction).

"[D]ue process is satisfied for [the purposes of specific jurisdiction] so long as the defendant had 'certain minimum contacts' with the forum state such that the 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Advanced Tactical, 751 F.3d at 800-01 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." Walden v. Fiore, --- U.S. ----, 134 S. Ct. 1115, 1121 (2014) (citations and internal quotation marks omitted) (court lacked personal jurisdiction over defendant).  "For a state to exercise personal jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." Walden, 134 S. Ct. at 1121.

"The [defendant's] relationship [with the forum] must arise out contacts that the 'defendant *himself*' creates with the forum." Walden, 134 S. Ct. at 1122 (emphasis in original) (citation omitted).  "Put simply, however significant the plaintiff's contacts with the forum may be, those contacts cannot be 'decisive in determining whether the defendants' due process rights are violated.'" Walden, 134 S. Ct. at 1122 (citation

omitted). Moreover, the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden, 134 S. Ct. at 1122.

"A defendant's relationship with a plaintiff or third-party, standing alone, is an insufficient basis for jurisdiction." Walden, 134 S. Ct. at 1123. "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." Walden, 134 S. Ct. at 1123. "Mere injury to a forum resident is not a sufficient connection to the forum." Walden, 134 S. Ct. at 1125.

"The operation of an interactive website does not show that the *defendant* has formed a contact with the forum state." Advanced Tactical, 751 F.3d at 803. "Having an 'interactive website' (which hardly rules out anything in 2014) should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible. To hold otherwise would offend 'traditional notions of fair play and substantial justice.'" Advanced Tactical, 751 F.3d at 803 (citation omitted). Thus, the inquiry boils down to "has the [defendant] purposefully exploited the [Illinois] market beyond simply operating an interactive website?" Timberstone Mgmt., 2014 WL 5821720, at *5.

Moreover, "the only sales that would be relevant [to personal jurisdiction] are those that were related to [the defendant's] alleged unlawful activity." Advanced Tactical, 751 F.3d at 801. A limited number of sales, "without some evidence linking

4

them to the allegedly tortious activity" does not confer jurisdiction. Advanced Tactical, 751 F.3d at 801.

Here, Mr. Zaman does not have sufficient minimum contacts with Illinois related to United's claims that would allow this Court to exercise jurisdiction over him.[1] Indeed, the only conduct that United alleges that Mr. Zaman engaged in in connection with United's claims is that: (1) Mr. Zaman operates skiplagged.com, which at one point displayed data regarding United's flights using United's logos; (2) the operation of skiplagged.com interfered with United's contracts with unidentified customers, and (3) Mr. Zaman purportedly promised to cease the behavior at issue and then did not do so. (See Compl. ¶¶ 14, 24-29, 48, 53-58, 102-121). These activities are insufficient to confer jurisdiction over Mr. Zaman.

Indeed, as both the Seventh Circuit and this Court have recognized, running an interactive website, by itself, is insufficient to satisfy constitutional requirements of personal jurisdiction. See Advanced Tactical, 751 F.3d at 803; Timberstone Mgmt., 2014 WL 5821720, at *5. Mr. Zaman, a New York resident, does not engage in any other activity specifically directed toward Illinois: he is not registered to do business in Illinois, does not have a bank account in Illinois, has never travelled to Illinois in an attempt to further his business of operating skiplagged.com, and does not direct any advertising specific to Illinois. (Zaman Decl. ¶¶ 2-4). Absent activity along these lines, Mr. Zaman's operation of skiplagged.com is insufficient to confer jurisdiction. See Advanced Tactical, 751 F.3d at 803; Timberstone Mgmt., 2014 WL 5821720, at *5.

---

[1] To the extent that United intends to rely upon any alleged Illinois contacts that Mr. Zaman may have with Orbitz' claims, we will address them in response to Orbitz' claims at the appropriate time.

United may also argue that Mr. Zaman's use of the United logo on skiplagged.com while publishing information about United flights caused harm to United in Illinois. However, as the Supreme Court explained, "[m]ere injury to a forum resident is not a sufficient connection to the forum." Walden, 134 S. Ct. at 1125. Likewise, United's conclusory allegations that Mr. Zaman's publication of United fare information interfered with contractual relations with United's customers (Compl. ¶ 14) is insufficient to confer jurisdiction. Indeed, United fails to allege any skiplagged.com visitor actually thereafter purchased a ticket for a United flight and, in turn, violated some contract with United. Even if such activity could be inferred from United's allegations, this also would be insufficient for this Court to exercise jurisdiction over Mr. Zaman. See Advanced Tactical, 751 F.3d at 801.

Finally, the "promises" that Mr. Zaman allegedly made to United in response to cease-and-desist letters (Compl. ¶¶ 14, 53-58) are insufficient to satisfy personal jurisdiction requirements. Indeed, the allegations of "promises" do not form the basis of United's claims and thus are irrelevant to the personal jurisdiction analysis. See, Walden, 134 S. Ct. at 1121 ("For a state to exercise personal jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." (emphasis added)). Moreover, any negotiations over United's demands directed to Mr. Zaman are insufficient as such conduct relates to Mr. Zaman's contacts with United, not with the forum. Walden, 134 S. Ct. at 1122.

In short, Mr. Zaman's operation of skiplagged.com, without directing any activity specifically at Illinois, is insufficient to satisfy constitutional requirements to exercise

personal jurisdiction over him. <u>Advanced Tactical</u>, 751 F.3d at 803; <u>Timberstone Mgmt.</u>, 2014 WL 5821720, at *5.

## **CONCLUSION**

Accordingly, this Court lacks personal jurisdiction over Mr. Zaman with regard to United's claims and United's claims should be dismissed.

Dated:  January 13, 2015                              Respectfully submitted,

*/s/ Irwin B. Schwartz*
Irwin B. Schwartz (*pro hac vice* granted December 15, 2014)
Nicholas R. Cassie (*pro hac vice* granted December 15, 2014)
BLA Schwartz, PC
225 Franklin Street, 26th Floor
Boston, MA 02210
Phone: (617) 421-1800
Fax: (617) 421-1810
ischwartz@blaschwartz.com
ncassie@blaschwartz.com

*Counsel for Aktarer Zaman, individually and d/b/a skipplagged.com*

Fitzgerald T. Bramwell
**LAW OFFICES OF FITZGERALD BRAMWELL**
155 North Wacker Drive, Suite 4250
Chicago, Illinois 60606
312-803-3682 (voice)
bramwell@fitzgeraldbramwell.com

*Local counsel for Aktarer Zaman*

**Certificate Of Service**

  The undersigned, an attorney, hereby certifies that he filed the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE CLAIMS OF PLAINTIFF UNITED AIRLINES, INC. on January 13, 2015 and that service will be affected via the Court's CM/ECF system on the following counsel:

Frank T. Blechschmidt, Esq.
Matthew J. Caccamo, Esq.
John Sheldon Letchinger, Esq.
Baker & Hostetler LLP
191 North Wacker Dr., Suite 3100
Chicago, Illinois 60606
fblechschmidt@bakerlaw.com
mcaccamo@bakerlaw.com
jletchinger@bakerlaw.com
*Counsel for United Airlines, Inc., Orbitz Worldwide, LLC, and Orbitz, LLC*

            */s/ Irwin B. Schwartz*
            Irwin B. Schwartz