UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| | X | |
| UNITED AIRLINES, INC., a Delaware corporation, ORBITZ WORLDWIDE, LLC, a limited liability company, ORBITZ, LLC, a limited liability company, | : | Civil Action No. 14-9214 |
| | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| AKTARER ZAMAN, individually and d/b/a SKIPLAGGED.COM | : | |
| | : | |
| Defendant. | : | |
| | X | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE CLAIMS OF PLAINTIFF UNITED AIRLINES, INC.**

Last year, the United States Supreme Court provided guidance to courts deciding personal jurisdictional disputes such as this. Walden v. Fiore, 134 S. Ct. 1115, 1122 (2014). In Walden, the Court explained "[t]he inquiry whether a forum State may assert specific jurisdiction over a non-resident defendant focuses on the relationships among the defendant, the forum, and the litigation." Walden, 134 S. Ct. at 1121 (internal citations omitted). "For a state to exercise personal jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." Id. (emphasis added). As set forth in Mr. Zaman's Memorandum Of Law In Support Of Defendant's Motion To Dismiss The Claims Of Plaintiff United

Airlines, Inc. (Docket No. 25) (the "Motion"), Mr. Zaman does not have sufficient suit-related contacts with Illinois to establish personal jurisdiction.[1]

Notwithstanding <u>Walden</u>, United largely ignores Mr. Zaman's suit-related Illinois contacts with United to focus instead on his Illinois contacts with a former plaintiff.[2] (Plaintiff United Airlines, Inc.'s Response To Defendant's Motion To Dismiss For Lack Of Personal Jurisdiction (Docket No. 34) (the "Opposition") at 6-12). What Mr. Zaman did or did not agree to with Orbitz is irrelevant and nothing in the Opposition establishes that Mr. Zaman engaged in conduct that created a substantial connection between him and Illinois with respect to United. <u>See</u> <u>Walden</u>, 134 S. Ct. at 1121-23. Nor does it matter under <u>Walden</u> that United has deep and voluminous contacts in its business with Illinois. All that matters is that United identified not a single suit-related contact (other than pre-litigation settlement negotiations) by which Mr. Zaman can be haled into an Illinois court. For that reason the Court should grant the Motion and dismiss this action for want of personal jurisdiction.

I.    <u>Mr. Zaman's Contacts With Orbitz Are Irrelevant</u>

United's lead argument in opposition to the Motion is *not* that Mr. Zaman had sufficient contacts with United in Illinois to establish personal jurisdiction. Rather United argues that Mr. Zaman's Illinois contacts with Orbitz were sufficient to satisfy the Constitutional requirements for personal jurisdiction. (Opposition at 6-7 (personal jurisdiction based on forum selection clause in Orbitz Affiliate Agreement), 7-12 (Mr.

---

[1]    Mr. Zaman respectfully adopts herein the definitions contained in the Motion.

[2]    Orbitz Worldwide, LLC and Orbitz, LLC (together, "Orbitz") filed a Notice of Voluntary Dismissal of its claims on February 12, 2015 and the Court dismissed Orbitz on February 17, 2015.

Zaman's contacts with Orbitz establish personal jurisdiction)).  As United well knows

through its common counsel with Orbitz, Mr. Zaman settled Orbitz's claims against him

without admitting liability and Orbitz has been dismissed from this case.  (Docket Nos.

35 (Notice Of Voluntary Dismissal by Orbitz Worldwide, LLC, Orbtiz, LLC of the Claims

Asserted by the Orbitz Plaintiffs), 36 (minute order dismissing Orbitz)).  United may not

satisfy its jurisdictional burden through contacts between Mr. Zaman and Orbitz, which

is now a stranger to this litigation.  See Walden 134 S. Ct. at 1121 ("For a state to

exercise jurisdiction consistent with due process, the defendant's suit-related conduct

must create a substantial connection with the forum State.").[3]

## II.    Minimal Contacts With United In Illinois Do Not Establish Jurisdiction

United also contends that two categories of Mr. Zaman's purported Illinois

contacts establish personal jurisdiction:  (1) Mr. Zaman's pre-litigation attempts to

resolve this dispute (Opposition at 10); and (2) Mr. Zaman's alleged intentional tortious

conduct, knowing that United would be harmed in Illinois (Opposition at 8-10).  As

demonstrated below, neither of these categories is sufficient to establish personal

jurisdiction under Walden.

First, United contends that Mr. Zaman "voluntarily tried to do business with

United's personnel on two occasions, by email and by phone."  (Opposition at 10).  As

the Opposition admits elsewhere, these "contacts" are nothing more than Mr. Zaman's

pre-litigation attempts to amicably address the issues raised in United's cease and

desist demand to Mr. Zaman.  (See Opposition at 4-5 (Mr. Zaman's email and phone

---

[3]    United's argument that its claims "involve the Affiliate Agreement" between Orbitz and Mr. Zaman (Opposition at 7) is untenable because (1) United does not claim to be not a party or a third-party beneficiary under the Affiliate Agreement; (2) United does not allege a claim for breach of the Affiliate Agreement and (3) United does not allege that any of its claims arise out of or are related to the Affiliate Agreement.

contact came after United sent him a cease and desist letter)).  In other words, United

sent Mr. Zaman a demand relative to the activities in dispute in this case, Mr. Zaman

responded, but not to United's satisfaction, and now United argues that Mr. Zaman's

response is sufficient to establish minimum contacts.  (Opposition at 10).  This circular

reasoning elevates form over substance and is insufficient to confer jurisdiction.  See

Eco Pro Painting, Inc. v. Sherwin-Williams Co., 807 F. Supp. 2d 732, 738 (N.D. Ill.

2011) ("If a court could assert personal jurisdiction over a non-resident defendant based

solely on its response to a cease-and-desist letter, it would be relatively simple for a

resident of the forum state to manufacture jurisdiction.").

    Second, the Complaint is woefully deficient of allegations to demonstrate *any* of

the three elements needed to establish that Mr. Zaman purposefully directed its tortious

activity at the forum state: "(1) intentional conduct (or 'intentional and allegedly tortious

conduct'); (2) expressly aimed at the forum state; (3) with the defendant's knowledge

that the effects would be felt—that is, the plaintiff would be injured—in the forum state."

Timberstone Mgmt., LLC v. Idaho Golf Partners, Inc., No. 2014-CV-5502, 2014 WL

5821720, at *3 (N.D. Ill Nov. 6, 2014) (citation omitted) (court lacked personal

jurisdiction).  United argues that Mr. Zaman's identification of hidden-city flights and

redirecting users to United's website confers jurisdiction as intentional conduct.

(Opposition at 8-9).  Nonsense.

    First, neither the Complaint nor the Opposition identifies a single United ticket

purchased through a link from skiplagged.com, Mr. Zaman's website, that caused

United any harm, much less harm in Illinois.  Indeed, United alleges that

skiplagged.com compiles publicly available flight information, displays that information

over the Internet to prospective passengers, and directs those passengers to United's
website so that the passengers can purchase tickets directly from United. (See Compl.
¶¶ 31 ("[Mr.] Zaman has developed a graph database that pulls real-time flight and fare
data from an external source" (emphasis added)), 32 (skiplagged.com displays flight
information to end-users), 40-45 (hypothetical example of skiplagged.com end-user
getting redirected to airline or third-party travel sites (not United's website) to purchase
tickets)). The Opposition is devoid of any explanation, or citation to any case law,
demonstrating how Mr. Zaman's directing potential customers to United, a service for
which Mr. Zaman is paid nothing, constitutes intentional, tortious conduct. (See
Opposition at 8-9). Similarly, United fails to demonstrate how truthful statements on
skiplagged.com – that United did not want its logo used on skiplagged.com – constitute
tortious conduct. See Timberstone Mgmt., 2014 WL 5821720, at *3.

Moreover, the Opposition ignores United's burden to demonstrate how Mr.
Zaman's operation of skiplagged.com was expressly aimed at the forum state or that
Mr. Zaman knew that the effects of operating skiplagged.com would be felt in Illinois.
See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796,
799 (7th Cir. 2014) (plaintiff has burden of establishing personal jurisdiction). The
Opposition does not identify a single Illinois resident that purchased a ticket on United's
website for "hidden city" purposes after having been directed there by skiplagged.com,
or that Mr. Zaman provided information to any Illinois resident at all. Accordingly,
United failed to show that Mr. Zaman purposely directed any activity at Illinois as would
be necessary to satisfy personal jurisdiction requirements. See Advanced Tactical, 751
F.3d at 803 ("The operation of an interactive website does not show that the *defendant*

has formed a contact with the forum state"); Timberstone Mgmt., 2014 WL 5821720, at *3 (proper question is "has the [defendant] purposefully exploited the [Illinois] market beyond simply operating an interactive website.").

United's cases do not excuse its failure to establish Mr. Zaman's purposeful availment of the benefits and protections offered by Illinois.  In Fletcher v. Doig, No. 13-CV-3270, 2014 WL 4920238 (N.D. Ill. Sept. 30, 2014) (Opposition at 9), the defendant sent a letter to Illinois to stop an auction that was taking place in Illinois.  Fletcher, 2014 WL 4920238, at *7-8.  Similarly, in Tamburo v. Dworking, 601 F.3d 693 (7th Cir. 2010) (Opposition at 8), defendants published false and defamatory statements regarding the plaintiff on websites and through email, knowing that he resided in Illinois and intending to cause harm to him in Illinois.  Tamburo, 601 F.3d at 702-10.  Mr. Zaman's provision of airline ticket pricing information to consumers around the world through skiplagged.com does not establish directed activity toward Illinois to establish personal jurisdiction over Mr. Zaman.  See Advanced Tactical, 751 F.3d at 803.

At most, United's Opposition established the unremarkable proposition that United does business in Illinois through its corporate headquarters and operating flights in and out of Chicago O'Hare International Airport.  (See Opposition at 7-11).  The Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State."  Walden, 134 S. Ct. at 1122.  Put simply, United's contacts with Illinois are irrelevant to the personal jurisdiction analysis pertaining to Mr. Zaman.  See Id.

## CONCLUSION

Accordingly, this Court lacks personal jurisdiction over Mr. Zaman with regard to United's claims and United's claims should be dismissed.

Dated:  February 24, 2015                    Respectfully submitted,


/s/ Irwin B. Schwartz
Irwin B. Schwartz (*pro hac vice* granted December 15, 2014)
Nicholas R. Cassie (*pro hac vice* granted December 15, 2014)
BLA Schwartz, PC
225 Franklin Street, 26th Floor
Boston, MA 02210
Phone: (617) 421-1800
Fax: (617) 421-1810
ischwartz@blaschwartz.com
ncassie@blaschwartz.com

*Counsel for Aktarer Zaman, individually and d/b/a skipplagged.com*

Fitzgerald T. Bramwell
LAW OFFICES OF FITZGERALD BRAMWELL
155 North Wacker Drive, Suite 4250
Chicago, Illinois 60606
312-803-3682 (voice)
bramwell@fitzgeraldbramwell.com

*Local counsel for Aktarer Zaman*

**Certificate Of Service**

      The undersigned, an attorney, hereby certifies that he filed the foregoing REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE CLAIMS OF PLAINTIFF UNITED AIRLINES, INC. on February 24, 2015 and that service will be affected via the Court's CM/ECF system on the following counsel:


Frank T. Blechschmidt, Esq.
Matthew J. Caccamo, Esq.
John Sheldon Letchinger, Esq.
Baker & Hostetler LLP
191 North Wacker Dr., Suite 3100
Chicago, Illinois 60606
fblechschmidt@bakerlaw.com
mcaccamo@bakerlaw.com
jletchinger@bakerlaw.com
*Counsel for United Airlines, Inc., Orbitz Worldwide, LLC, and Orbitz, LLC*


                              */s/ Irwin B. Schwartz*
                              Irwin B. Schwartz